OLIVER C. TOWNSEND, Respondent, v. COLORADO FUEL AND IRON
COMPANY, Appellant.

*Guaranty of bonds — when the right of the bondholder to sue is not affected by a provision intended as a further assurance to investors therein.*

Where a corporation enters into an agreement with a trust company, by which it guarantees the payment of certain bonds issued by another corporation, and, after providing that the trust company as trustee might enforce payment on behalf of the holders of any of the bonds or coupons, the agreement expressly provides that "nothing therein contained shall be held to deprive holders of any of said bonds or coupons of a direct or separate remedy against the" guarantor corporation "upon its guaranty of the principal or interest thereof," the right of a holder of bonds so guaranteed to recover upon its coupons is not affected by a prior provision in the agreement that, if at any time the holders of not less than one-fifth in amount of the bonds outstanding become dissatisfied with the security of the principal of the bonds, they might require the trustee to appoint an appraiser of the assets of the obligor, and that if these proved to be less than a certain per cent of the par value of the bonds then the guarantor corporation agreed thereafter to pay all taxes, assessments and other charges of the obligor, "such interest being then payable to the trustee," and allow the income of the obligor to be applied to the redemption of the bonds until the security of the principal was raised to the required amount. Such a provision must be deemed to constitute merely a further assurance to investors in the bonds, and does not affect the right of a holder of the bonds to bring an action against the guarantor to recover upon unpaid coupons.

APPEAL by the defendant, the Colorado Fuel and Iron Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of January, 1897, upon the decision of the court, rendered after a trial at the New York Special Term overruling its demurrer to the amended complaint.

*Benjamin S. Harmon,* for the appellant.

*George Richards,* for the respondent.

PARKER, J.:

The Colorado Coal and Iron Development Company issued 1,000 bonds, with coupons attached, July 1, 1887, the bonds being made payable at its New York agency twenty years after date. Subsequently, this defendant became the holder and owner thereof for value, and while in the possession, as such owner, it entered into an

agreement with the Central Trust Company of New York, by which it agreed, among other things, to guarantee the payment of the principal and interest of such bonds, as specified in the bonds and in the coupons thereof, and to indorse on each of said bonds a guaranty in form following: "For value received the Colorado Coal and Iron Company guarantees the payment of the principal and interest of the within bond, as specified in the bond and in the coupons thereof; and, on the terms of an agreement with the Central Trust Company of New York, dated December 5th, 1889, guarantees the payment of all taxes, assessments and other liabilities and governmental charges on the property covered by the mortgage described in said bond, and the compensation and charges of the trustee of said mortgage."

In pursuance of such agreement, it made an indorsement upon each of the bonds in the words of its promise. The bonds thus indorsed were subsequently disposed of, and the plaintiff as the owner of some portion thereof brings this action against the defendant on such guaranty to recover on 678 of said coupons.

The defendant demurred on two grounds: *First,* that the court had not jurisdiction of the subject of the action; *second,* that the complaint did not state facts sufficient to constitute a cause of action. The defendant, on this appeal, does not press the first ground. The second one is urged, the defendant claiming that by reason of the agreement between it and the Central Trust Company of New York, that company as trustee has a cause of action against the defendant on its guaranty, but the individual owners have not. It is difficult to treat defendant's contention seriously, in view of this guaranty of payment of principal and interest indorsed on each bond. The excuse for defendant's contention is sought to be founded on the 5th paragraph of the agreement, which reads as follows:

"The Coal and Iron Company further agrees that if at any time the holders of not less than one-fifth in amount of said bonds then outstanding shall become dissatisfied with the security of the principal thereof, they may, in January of any year, in writing, request, and thereby require, the trustee to appoint a competent person or committee to appraise the realty and assets of said Development Company. And if such person or committee shall report that such

security had become less than one hundred and forty (140) per cent of the par of said bonds then outstanding, the Coal and Iron Company agrees thereafter to pay all taxes, assessments and other charges and expenses and interest of said Development Company, *such interest being then payable to the trustee,* allowing the income of said Development Company to be applied to the redemption of bonds, as provided in its mortgage to secure the same, until such time as the security of the principal of said bonds shall, in the judgment of a like person or committee, the appointment of which by the trustee the Coal and Iron Company shall, in January of any year, have the right to require, equal one hundred and forty (140) per cent of the par of the bonds then outstanding," the words in such paragraph to which the defendant attaches importance being, " such interest being * * * payable to the trustee."

Action has been taken under the 5th paragraph by holders of not less than one-fifth in amount of such bonds, resulting in an appraisal by which it is found that the security of the principal of said bonds had become less than one hundred and forty (140) per cent of the par of the bonds outstanding, and defendant urges that the legal effect of such action has been to deprive the holders of the bonds and coupons of the right of action, which it concedes they had down to the time when such action was begun. If it should be conceded that the parties to the agreement intended that the effect of taking action under the 5th paragraph should be to take away the right of the individual owner to enforce the guaranty indorsed on the bond, then the court would be called on to consider whether such an attempt could have successful legal result. But an examination of the entire agreement makes it clear that such was not the purpose of the 5th paragraph. The 1st and 4th paragraphs of the agreement, inclusive, guarantee the payment by this defendant of every tax, assessment and governmental charge on the lands covered by the mortgage, payment of the compensation and charges of the trustees, payment of the principal and interest of the bonds, as specified in said bonds and coupons thereof, and the form of the guaranty to be indorsed on each bond by the defendant. As a further assurance to those whom it would persuade to invest in the bonds, the 5th paragraph, which we have quoted in full, was incorporated into the agreement; and then follows the 6th paragraph, in

which the defendant promised that on default of the development company, it would pay any of the bonds when due, and the coupons thereof, to the trustee; and it was also provided therein that "the trustee may enforce payment thereof on behalf of the holders of any of said bonds or coupons; but nothing herein contained shall be held to deprive holders of any of said bonds or coupons of direct or separate remedy against the Colorado Coal and Iron Company upon its guarantee of the principal and interest thereof."

It seems to be clear, therefore, that the instrument was not intended to deprive the owners of the bonds, upon the happening of any event, of the right which usually belongs to the owners and holders of such security to bring suits for their enforcement.

The judgment should be affirmed, with costs, and with leave to the defendant to answer over on payment of costs in this court and in the court below.

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs, and with leave to defendant to answer over on payment of costs in this court and in the court below.